## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>(Rural Development)<br><br>Plaintiffs,<br><br>v.<br><br>**VALENCIA V. HENRY-NESBITT,**<br><br>Defendant. | ) Civil Case No. 2010/0117<br>)<br>)<br>)<br>) **ACTION FOR DEBT AND**<br>) **FORECLOSURE OF MORTGAGE**<br>)<br>)<br>)<br>)<br>) |

---

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Finch, Senior Judge

      **THIS MATTER** is before the Court on The United States' motion for summary judgment, Valencia V. Henry-Nesbitt's opposition, and the United States' reply thereto. For the reasons cited below, Nesbitt's motion for summary judgment is denied.

### I.    Factual and Procedural Background

      The facts viewed in the light most favorable to the non-moving party are as follows. On December 15, 1993, Valencia V. Henry-Nesbitt ("Defendant") executed and delivered a promissory note ("Note") to the United States, acting through the Rural Development Authority ("Plaintiff").[1] The Note provided that the Defendant pay the Plaintiff the principal sum of one hundred and five thousand dollars ($105,000.00) plus interest at the annual rate of 6.5% in monthly installments of $653.00 beginning on September 15, 1994.[2] On even date, as security for

---

[1] Formerly the Farmer's Home Administration, an agency of the U.S. Department of Agriculture.

[2] The loan called for a repayment term of thirty-three years.

her payment on the Note, the Defendant executed and delivered to the United States, a real estate

mortgage ("mortgage") encumbering Plot No. 182, Estate Catherine's Rest, Christiansted, St.

Croix.   The mortgage was recorded in the Office of the Recorder of Deeds on St. Croix and

provided for a maturity date of December 15, 2026.

   The Defendant eventually fell behind on her payments; and on April 9, 1996, she executed

a re-amortization and deferral agreement with the Defendant which brought her payments current.[3]

The Defendant resumed her mortgage payments under the re-amortized installment plan.  Those

payments, however, were not always consistent. The Defendant repeatedly ran into arrears, and

between 2002 and 2008, the Plaintiff had sent the Defendant five notices of default.   Those notices

were sent to the Defendant's mailing address at 3184 Golden Rock, Christiansted, St. Croix. On

each of those occasions, the Defendant cured the arrearage and reinstated her mortgage after she

claimed the mailed notices from her Golden Rock address. On November 13, 2008, the Defendant

ran into hardship and again became delinquent on her monthly mortgage payments.

   As a result of her arrearage, on February 17, 2009, the United States sent the Defendant a

notice of default.[4] The notice was sent via the U.S. Postal Service, to the same Golden Rock

---

[3] The Defendant avers that the re-amortization agreement "lower[ed] her mortgage payments by
underlining the maturity date of the loan." (Def.'s Memo. of Law in Support of Def.'s Mot. for
Summary Judgment at 1.) The Plaintiff, however, contends that the re-amortization agreement
allowed the mortgage arrears that had accumulated to be put back into the principal, thereby
making her payments current. The new principal was re-amortized so that the total principal and
interest could be repaid within the remaining term; as a result, the re-amortization increased
Defendant's monthly payments from $653.00 to $669.00, while leaving the maturity date of the
mortgage unchanged. (Pl.'s Statement of Disputed Facts at 2 .)

[4] The contents of the notice of default included: the date that the mortgage and Note were
executed; the original loan amount ($105,000.00); the balance of unpaid principal ($83, 340.47);
the amount of unpaid interest ($1,424.78); and the rate of accruing interest ($14.8414 per diem.
(Ex. 1-B to Pl.'s Opposition to Def.'s Motion for Summary Judgment, Feb. 17, 2010 Notice of
Default at 1.)

address that the five prior notices of default had been sent and collected. Like the prior notices, the

February 2009 notice of default was sent certified mail, return receipt requested.   However, after

several attempts to notify the Defendant that she had certified mail that required her signature, the

U.S. Post Office returned the certified mail to the Plaintiff as unclaimed.

In January of 2010, the Plaintiff transferred the Defendant's file to its Florida office to

begin initiating foreclosure proceedings. On January 22, 2010, the Defendant made oral contact

with the Plaintiff through the local Rural Development office on St. Croix. As a result, on March

26, 2010, the Plaintiff informed the Defendant of opportunities to reinstate her mortgage through a

Short-Cure re-amortization program ("Short-Cure"). This correspondence, sent via regular mail to

her Golden Rock address, notified the Defendant that a complete Short-Cure application required

information regarding her income and expenses.  At that juncture, the Plaintiff contends that the

Defendant's total arrearage was $21,753.23.  (Ex. A. to Pl.'s Counterstatement of Disputed Facts

at 3.)

On May 4, 2010, in response to the mail sent to her Golden Rock Address, the Defendant

provided some of the requested documents to the local Rural Development office on St. Croix.  On

June 10, 2010, the Plaintiff avers that the Defendant delivered additional documents to the

Plaintiff's Rural Development office on St. Croix, including monies to be applied towards her

arrears.

In turn, on June 14, 2010, the Plaintiff informed the Defendant that outstanding

documentation demonstrating her college tuition payments was required to determine her

eligibility for Short-Cure.  On July 28, 2010, the Defendant provided information of her tuition

expenses in an attempt to qualify for Short-Cure. However, on August 2, 2010, the Plaintiff

determined that the information was still insufficient to demonstrate her expenses. The Plaintiff

requested additional information from the Defendant and notified her that the documents she submitted would not stop foreclosure proceedings. The Defendant did not provide the requested information.  On September 8, 2010, the Plaintiff sent the Defendant notice that her request for Short-Cure was denied; and returned the Defendant's tendered payments.

On December 6, 2010, the Plaintiff filed a civil complaint initiating the instant action for foreclosure. On February 9, 2011, the Defendant moved for summary judgment. The Defendant argues that no genuine issue of material fact exists because the mortgage acceleration clause was not properly triggered where she was not served with a notice of default. She also argues that she was not given time to cure the default.  The Defendant further contends that she did not recall why the February 17, 2010, certified mail was not collected, and also argues that even if she had received said notice, that notice was defective because it failed to state the amount in default or how many months she was in arrears.  The Defendant also avers that she tendered mortgage payments in the amounts of $3,832.00, $958.00, $3,000.00 and $3,000.00 on March 3, 2009, July 1, 2009, September 9, 2009 and November 9, 2009 respectively; and that said payments, which were intended to contribute to curing her arrears, were all improperly rejected by the Plaintiff and returned to her.

In opposition, the Plaintiff argues that whether the Defendant's was served with a written notice of default is a genuine and material question of fact. The Plaintiff highlights that the notice was mailed to the Plaintiff's regular address, where she had received and collected prior correspondence, including prior default notices. The Plaintiff also avers that the Defendant was aware of her delinquency and default because in 2010, the Defendant made contact with the Plaintiff several times through its Rural Development office in an attempt to cure her delinquency. The Plaintiff also argues that the notice of default was sufficient; and while the Plaintiff concedes

that the Defendant submitted payments, it contends that that the Defendant fell significantly short of curing her outstanding arrears or reinstating her mortgage.

## II.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* " A fact is "material" if proof of its existence or non-existence would affect the outcome of the lawsuit under the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). (emphasis added).

"A plaintiff, cannot avert summary judgment by resting on the allegations in his pleadings, but rather must present evidence from which a jury could find in his favor." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 251, n.12 (3d Cir. 2010) (citing *Ridgewood Bd. of Educ. v. N.E. ex. rel. M.E.*, 172 F.3d 238, 252 (3d Cir.1999)). Neither can the nonmoving party defeat summary judgment with "evidence [that] is merely colorable or not significantly probative." *Monroe v. Beard*, 536 F.3d 198, 207 (3d Cir. 2008) (citation omitted); *see also Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 228 (3d Cir. 2009) ("speculation and conjecture may not defeat a motion for summary judgment"). In reviewing a motion for summary judgment, the Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (citing Fed. R. Civ. P. 56(c)).

III.   **Substantive Law**[5]

Accrual of the Right to Foreclose – Acceleration

> An acceleration provision is a term in a mortgage, or in the obligation
> it secures, that empowers the mortgagee upon default by the mortgagor
> to declare the full mortgage obligation immediately due and payable.
> <u>An acceleration becomes effective on the date specified in a written
> notice by the mortgagee to the mortgagor delivered after default.</u>

Restatement (Third) of Mortgage § 8.1 (a).[6]

IV.   **Analysis**

The gravamen of the Defendant's summary judgment argument is that the acceleration

clause of her mortgage was not properly triggered because the Plaintiff failed to deliver notice of

default.  To prevail, she must demonstrate the non-existence of a genuine issue of material fact.

*Anderson*, 477 U.S. at 247-48.   Contrarily, however, the Defendant's several arguments are

premised on issues of disputed material fact.

First, this Defendant argues that she did not receive written notice of default.  In turn,

Plaintiff argues that the Defendant willfully refused to collect the notice of default delivered to her

address. The Defendant does not dispute that the Plaintiff mailed notice of default, or that the mail

courier delivered notice.  Instead, she supports her position by averring that she does not recall

why she did not receive notice.  The Defendant explains that,

> I have no recollection of why the certified mail from USDA in February 2009 was
> not collected. I am not sure if I received the notice from the post office or it was
> received by one of my children who was [sic] at home at the time.  The mailman

---

[5] In support of her argument under substantive law, the Defendant cites only to section 8.1 of the
Restatement (Third) of Mortgages.

[6] *See* V.I. Code Ann. tit. 1, §4 ("The rules of the common law, as expressed in the restatements of
the law shall be the rules of decision in the courts of the Virgin Islands in cases to which they
apply, in the absence of local laws to the contrary.").

*United States of America (Rural Development) v. Valencia  V. Henry-Nesbit*
D.C. Civ. No. 2001-0117
Memorandum Opinion and Order
Page 7 of 8

usually delivers the mail when I am at work.

(Ex. A to Reply To Opposition; Pl.'s Declaration at 1.)  At this point of litigation, it is unclear how the Defendant's failure to retrieve her mail or her lack of recollection directly supports her argument that the Plaintiff failed to deliver notice. Nonetheless, the circumstances surrounding whether the Plaintiff delivered notice are inherently question of fact that are not amenable to determination by summary judgment.

The Defendant's second argument is related to her first. She argues that because she never received notice, she had no opportunity to cure her default.  The Plaintiff disputes this contention by citing the Defendant's repeated contact with its office to cure her delinquency and her unsuccessful application to Rural Development's Short-Cure Program, prior to the filing of this action.  While we need not reach the merits of the parties' opposing positions, it is patent that their ultimate determination also relies on inquiries of fact.

The Defendant also posits that, prior to acceleration, she tendered payments to the Plaintiff and that the Plaintiff improperly rejected those payments.  The Plaintiff concedes that the Defendant tendered monies. However, the Plaintiff's position is that the Defendant's tenders of money were incomplete, did not satisfy her arrears and were returned after the Defendant's Short-Cure application was rejected.[7]  The Plaintiff underscores that it exercised forbearance for one full year, in order to give the Defendant an opportunity to fully cure her arrears and reinstate her mortgage, prior to initiating this foreclosure action.

The unsubstantiated rejection of timely mortgage payments preceding default could indeed,

---

[7]  The Plaintiff notes that as of March 26, 2010, the Defendant's *arrears* was $21,753.23; and that the aggregate Defendant had paid towards the arrears was $12,325.00. (Pl.'s Opposition to Def.'s Motion for Summary Judgment at 6.)

*United States of America (Rural Development) v. Valencia V. Henry-Nesbit*
D.C. Civ. No. 2001-0117
Memorandum Opinion and Order
Page 8 of 8

reasonably support a colorable factual defense to this action.[8] However, whether the tendered payments were indeed timely, whether they were sufficient to satisfy her arrears or cure default, and concomitantly, whether they were properly rejected are all determinations that rely heavily upon inquiries of fact.

V.   **Conclusion**

Because the Defendant has failed to meet her burden of demonstrating the non-existence of genuine issues of material fact, this Court must deny her motion for summary judgment. Accordingly, the premises duly considered it is hereby

**ORDERED** that the Defendant's Motion for Summary Judgment is **DENIED**.

**DATED:**      September 29, 2011

RAYMOND L. FINCH
Senior District Court Judge

A T T E S T :
Wilfredo F. Morales
Clerk of Court

by:

Deputy Clerk

---

[8] *See* Restatement (Third) of Mortgage § 8.1 (b) ("Prior to the date an acceleration becomes effective, the mortgagor may cure the default and reinstate the mortgage obligation by paying or tendering to the mortgagee the amount that is then owing on the mortgage obligation or performing any other duty the mortgagor is obligated to perform under the terms of the mortgage documents.").